IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL | § | |
| MORTGAGE ASSOCIATION | § | |
| A/K/A FANNIE MAE | § | |
|     Plaintiff, | § | |
| | § | Civil Action No. 3:11-CV-789-K |
| v. | § | |
| | § | |
| YVETTE RICE | § | |
| AND ALL OCCUPANTS, | § | |
|     Defendant(s). | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Plaintiff's Motion to Remand and Motion for Attorney's Fees* (doc. 5), filed May 6, 2011. Based on the relevant filings, evidence, and applicable law, Plaintiff's motion to remand should be **GRANTED,** and its motion for attorney's fees should be **DENIED.**

## I. BACKGROUND

This case involves real property located at 7535 Rice Lane, Dallas, Texas 75241 ("the Property"). Plaintiff Federal National Mortgage Association ("Plaintiff") purchased the Property at a Non-Judicial Foreclosure Sale. Defendant Yvette Rice ("Defendant") is believed to be the former owner and occupant of the Property who remained there after the foreclosure of the Property. Defendant does not have a landlord-tenant relationship with Plaintiff.

On February 24, 2011, Plaintiff filed its *Original Petition for Forcible Detainer* in the Justice of the Peace Court, Precinct 1, Place 2, of Dallas County, Texas. Defendant was served with process for the justice of the peace lawsuit on February 28, 2011. Judgment was granted in

Plaintiff's favor on March 8, 2011, and Defendant appealed to the County Court at Law No. 2, Dallas County. On April 18, 2011, before the court issued a judgment, Defendant removed the case to federal court.

Defendant contends that her notice of removal is timely because she was served with summons for the appeal on March 26, 2011, and that federal jurisdiction exists because this is a civil action between citizens of different states with the matter in controversy exceeding the sum of $75,000, exclusive of interest and costs. She claims that the Property has a current fair market value of $78,230, according to the Dallas Central Appraisal District, and that the amount in controversy is the value of the object of the litigation. On May 6, 2011, Plaintiff moved to remand the case and for attorney's fees, arguing that the notice of removal was untimely, it was improper based on the forum-defendant rule, and Defendant failed to establish that federal jurisdiction exists.

## II.  MOTION TO REMAND

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. 28 U.S.C. § 1332(a). An action may not be removed on the basis of diversity if the defendant is a citizen of the state where the plaintiff filed suit unless the issue arises under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b). "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was

2

proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Further, "any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281-82 (5th Cir. 2007).

A. **Timeliness**

Plaintiff contends that Defendant's April 18, 2011 notice of removal is untimely because the thirty day time for removal began to run when Defendant was served with process for the justice of the peace lawsuit on February 28, 2011.

Removal of a civil action or proceeding from a state court must occur within thirty days after a defendant receives a pleading, motion, or other paper that suggests the existence of federal jurisdiction. 28 U.S.C. § 1446(b); *see generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). In her *Notice of Removal*, Defendant identifies the county court appeal as the state action that she removed, claiming that she was served with the summons for that suit on March 26, 2011. Because justice of the peace courts have exclusive, original jurisdiction over forcible detainer cases, however, an appeal of a forcible entry and detainer action to county court at law is merely a continuation of the original suit filed in justice court. *See Shaw v. Nix*, __ F. Supp.2d __, 1998 WL 894587 (S.D. Tex. 1998). A forcible detainer suit cannot originally be brought in county court. *See id*. The thirty days for removal therefore began to run from service of the justice of the peace suit for forcible detainer. *See Wells Fargo Bank, N.A. v. Anderson,* No. 3:11-CV-024-K, 2011 WL 1135121, at *2 (N.D. Tex. Mar. 28, 2011), slip copy (citing *Deutsche Bank Nat. Trust Co. v. Lee*, No. 3:10-CV-2143-L, 2010 WL 5441673, *2 (N.D. Tex. Dec. 23, 2010), slip copy).

Here, because Defendant was served with the justice of the peace suit on February 28,

3

2011, her notice of removal was due on or before March 29, 2011.  Her April 18, 2011 notice is therefore untimely, and remand is warranted on this basis.

B.      **Forum-Defendant Rule**

Plaintiff also contends that the "forum-defendant rule" does not permit removal by Defendant because she is a resident citizen of Texas.

Section 1441(b) provides in relevant part that an action may be removed on the basis of diversity only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  This portion of § 1441(b) is often referred to as the "forum-defendant rule."  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 391 (5th Cir. 2009).  Because Defendant is a citizen of Texas and removed this case on the basis of diversity to a federal court sitting in Texas, removal was improper under § 1441(b), and remand is also warranted on this basis.  *See Petro Star, Inc. v. Samshin, Ltd.*, No. 4:10-CV-4525, 2011 WL 1740212, at * 1 (S.D. Tex. May 4, 2011), slip copy.

C.      **Diversity Jurisdiction**

Plaintiff also argues that Defendant failed to meet her burden to establish diversity jurisdiction.

1.      *Citizenship*

Plaintiff contends that Defendant did not make a "distinct and affirmative" allegation regarding citizenship in her *Notice of Removal*.

A case removed under § 1332 must have complete diversity of citizenship.  *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005).  "Complete diversity" means that a plaintiff may not share citizenship with any defendant.  *Whalen v. Carter,*

4

954 F.2d 1087, 1094 (5th Cir. 1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991). "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil*, 841 F.2d at 1258 (citing 28 U.S.C. § 1332(c)). "Allegations regarding the citizenship of a corporation must set out the principal place of business as well as the state of its incorporation." *Nadler v. American Motor Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985) (citing *Neely v. Bankers Trust Co.* 757 F.2d 621, 624 n.18 (5th Cir. 1985).

Here, Defendant alleges that Plaintiff's main office is in Washington D.C., but she does not set forth the state of incorporation. This is not a distinct and affirmative allegation sufficient to establish diversity of citizenship. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) (complaint stating facts alleging only one of two possible states of corporate citizenship with respect to each defendant did not suffice to establish diversity jurisdiction). Defendant has not met her burden to show diversity of citizenship.

### 2. *Amount in Controversy*

Plaintiff also argues that Defendant has failed to establish that the amount in controversy exceeds the jurisdictional amount.

The amount-in-controversy threshold is a necessary ingredient of subject-matter jurisdiction and must be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy

5

exceeds $75,000. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993). The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). In the context of forcible detainer actions involving foreclosed property, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession. *See Federal Nat'l Mort. Ass'n v. Loving*, No. 3:11-CV-464-L, 2011 WL 2517267, at *4 (N.D. Tex. June 23, 2011), slip copy; *Deutsche Bank Nat. Trust Co.*, 2010 WL 5441673, *2; *Deutsche Bank Nat'l Trust Co. v. Thompkins*, 3:10-CV-808-N, 2010 WL5912610, at *2 (N.D. Tex. Dec. 17, 2010), slip copy.

Here, the only issue raised by this forcible detainer action is the right to possession. Defendant does not dispute the title to the Property or seek any debt related to it. She has not shown that the amount in controversy requirement for diversity jurisdiction has been met. Defendant has not shown a basis for the exercise of subject-matter jurisdiction over this case.

### III. MOTION FOR ATTORNEY'S FEES

Plaintiff contends that Defendant's removal of this case is wrongful and that she is required to pay its costs, actual expenses, and attorney's fees incurred as a result of the wrongful removal.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). When determining whether the improper removal of a case to federal court warrants an award of attorney fees, the court does not consider the motive of the removing defendant. *Valdes v. Wal-*

6

*Mart Stores*, *Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). Rather, it must consider whether the defendant had objectively reasonable grounds to believe the removal was legally proper. *Id*. at 293. Nevertheless, the decision to award costs is within the court's discretion. *Id*. at 292.

Here, no objectively reasonable grounds for removal of this case are apparent. The notice of removal was untimely filed. Section 1441(b) plainly provides that a defendant of a state where the plaintiff filed suit may not remove an action on the basis of diversity. Defendant made insufficient allegations to establish citizenship and failed to show that the amount in controversy exceeded the jurisdictional limit. No objectively reasonable grounds to believe that removal to federal court was proper are apparent. Nevertheless, the Court should exercise its discretion and decline to award fees based on the circumstances of the case. *See Wells Fargo Bank, N.A.,* 2011 WL 1135121 (declining to award fees based on "circumstances of the case"); *Loving*, 2011 WL 2517267, at *5 (declining to award fees in the interests of justice based on defendant's *pro se* status and inability to pay costs).

## IV. CONCLUSION

Plaintiff's motion to remand should be **GRANTED,** its motion for attorney's fees should be **DENIED,** and the case should be remanded to Dallas County Court at Law No. 2.

**SO RECOMMENDED** on this 5th day of July, 2011.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                        */s/ Irma Carrillo Ramirez*
                                        IRMA CARRILLO RAMIREZ
                                        UNITED STATES MAGISTRATE JUDGE